COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-361-CR
 
  
RICKY 
SCOTT FIELDS                                                            APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Ricky Scott Fields of the possession of less than two 
ounces of marijuana and assessed his punishment at 180 days’ confinement in 
the Tarrant County Jail and a $300 fine, suspending the confinement and placing 
him on community supervision for twenty-four months.  The trial court 
sentenced Appellant accordingly.
        In 
one point, Appellant contends that the evidence is factually insufficient to 
support the verdict.  Officer Paul Shackelford testified that he ran a 
random, routine license plate check on an older model blue Mazda 626.  He 
received a warrant hit on that registration.  The name associated with the 
warrant was that of Appellant. Officer Shackelford stopped the vehicle.  
Appellant was the driver.  There were no passengers.  Appellant did 
not have identification, so he told the officer his name and birthdate.  
Officer Shackelford ran the information through the computer and received 
information about outstanding warrants.  He then confirmed through his 
dispatcher that the warrants were good.  After receiving confirmation, he 
waited on a backup officer to arrive.
        After 
the other officer arrived, Officer Shackelford had Appellant step out of the 
vehicle and arrested him.  Appellant had been in the car about fifteen to 
twenty minutes since the time of the stop.  Officer Shackelford then 
searched Appellant’s person, finding nothing.  When the officer searched 
the car, however, he discovered a small sealed, plastic, purple baggie 
containing a green, leafy substance that looked and smelled like 
marijuana.  The baggie was between the front seats on the passenger side of 
the console.  In response to Appellant’s question about whether the drugs 
were in plain view, Officer Shackelford replied, “Yes, depending upon where . 
. . a person was,” but he also said that the drugs were not visible from the 
driver’s side of the vehicle.  The officer did not find any other drugs 
or drug paraphernalia in the car.  There was no evidence that anyone else 
had ever driven or ridden in Appellant’s car.
        Based 
on the appropriate standard of review,[2] we hold that 
the evidence is factually sufficient to support Appellant’s conviction.  
We therefore overrule Appellant’s sole point and affirm the trial court’s 
judgment.
   
  
                                                                  PER 
CURIAM
   
   
  
PANEL 
F:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Zuniga v. State, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 
2004); Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Cain 
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).